**Robert Alan BORSCHOWA, Plaintiff-Appellant, Cross-Appellee,**

**v.**

**W. Graham CLAYTOR, Jr.,\* Secretary of the Navy, et al., Defendants-Appellees, Cross-Appellants.**

**Nos. 76–2370, 76–2438.**

United States Court of Appeals, Ninth Circuit.

Oct. 13, 1977.

Bruce M. Reed (argued), Seattle, Wash., for plaintiff-appellant, cross-appellee.

Neil H. Koslowe, of U. S. Dept. of Justice, Washington, D. C., for defendants-appellees, cross-appellants.

Before KOELSCH and CHOY, Circuit Judges, and FITZGERALD,\*\* District Judge.

---

\* Heretofore *Borschowa v. Middendorf.* The current Secretary of the Navy, W. Graham Claytor, Jr. has been substituted for the former Secretary Middendorf.

\*\* The Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation.

**PER CURIAM:**

The district court's award of partial summary judgment granting appellant a writ of habeas corpus on the ground of the Navy's breach of appellant's agreement to extend the term of his enlistment was made without the benefit of the Supreme Court's intervening decision in *Larionoff v. United States,* 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977). There the Court held that "'[a] soldier's entitlement to pay is dependent upon statutory right,' *Bell v. United States,* 366 U.S. 393, 401, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961) and . . . accordingly the rights of . . . affected service members must be determined by reference to the [governing] statutes and regulations . . . rather than to ordinary contract principles." 431 U.S. at 869, 97 S.Ct. at 2154 (footnote omitted). *See also Collins v. Rumsfeld,* 559 F.2d 1178 (9th Cir. 1977), *on remand from Saylors v. United States,* 432 U.S. 903, 97 S.Ct. 2945, 53 L.Ed.2d 1075 (1977), *vacating Collins v. Rumsfeld,* 542 F.2d 1109 (9th Cir. 1976).

 We are clear that even absent *Larionoff,* habeas relief ought not to be accorded a member of the armed services to effect a termination of his enlistment in instances where, as here, the breach consists wholly of the non-payment of money. Such relief is reserved for those instances where the breach relates to a material consideration, for example, a failure to provide specialized training, as a condition of the agreement. *Compare Johnson v. Chafee,* 469 F.2d 1217 (9th Cir. 1972), *cert. denied,* 411 U.S. 966, 93 S.Ct. 2146, 36 L.Ed.2d 686 (1973), and *Wallace v. Chafee,* 451 F.2d 1374 (9th Cir. 1971), *cert. denied,* 409 U.S. 933, 93 S.Ct. 242, 34 L.Ed.2d 188 (1972), *with Novak v. Rumsfeld,* 423 F.Supp. 971 (N.D.Cal.1976). *Cf. Peavy v. Warner,* 493 F.2d 748 (5th Cir. 1974).

Accordingly, the district court's ruling that appellant was entitled to rescission of his agreement to extend his enlistment contract in view of the Navy's failure to compute the "variable re-enlistment bonus" (VRB) according to the award level in effect at the time appellant agreed to extend his enlistment (*see Larionoff v. United States, supra,* 431 U.S. at 878, 97 S.Ct. 2150) together with its award of habeas corpus and restitutionary relief were error.

The judgment is vacated; the writ of habeas corpus is dismissed, and the cause is remanded solely for a determination of the damages to which appellant is entitled. On remand, the district court, in addition to computing the precise sum due appellant as VRB, should determine whether, in light of *Larionoff,* Public Law 89–132, 79 Stat. 547 (1965), applies to computation of the "shortage specialty pay" (SSP) authorized by 37 U.S.C. § 307 (1970)—a question for the trial court in the first instance—and compute the damages, if any, due appellant as SSP as well.[1]

Vacated and remanded.

---

1. On this appeal the government initially questioned the formula adopted by the lower court in assessing the amount of VRB pay due appellant; however, after *Larionoff* came down, the government withdrew that assignment and conceded the court was correct. However, the amount of such pay owed appellant was not fixed and remains to be assessed by the district court.